Seymour B. Quel, J.
The defendants have moved to suppress the evidence on the ground that it was the product of an unlawful search.
A police officer testified that the defendants had been under surveillance for some time prior to April 7,1967, the day of the arrests, and that one of the defendants had been seen in the company of another person who was arrested for cigarette smuggling a few days prior to April 7. On that date, at about 9:30 p.m., the police officer and a brother officer were stationed about 75 feet away from the entrance to the apartment house where defendant Sherry resided. The defendant Maio drove up in an automobile which he parked in front of the house. Thereafter each of the defendants carried from the automobile and into the house two half cases of cigarettes, each half case containing 30 cartons of cigarettes. The tops of the containers were open and the officers could see that they contained cigarette packs but could not tell whether tax stamps were affixed to the packs. The two officers followed the defendants into the house, up the stairs, and stopped them and asked whether they had invoices or delivery tickets for the cigarettes. Upon receiving a negative answer they placed the defendants under arrest.
The arrests took place in the hallway of the building at a point near the entrance to the third-floor apartment occupied by the defendant Sherry. Thereafter the police officers entered that apartment and conducted a search therein which revealed an additional 243 cartons of cigarettes.
Since no search warrant was obtained, the validity of the seizures depends on whether the arrests were lawful and, if they were, whether the search and seizures were incidental thereto.
The validity of the arrests turns on whether the police officers had probable cause to believe that a crime was being committed at the time they arrested the defendants. In People v. Zimbardo (21 N Y 2d 15, 16) the Court of Appeals said: 11 The test to be applied in determining probable cause was well stated in People v. White (16 N Y 2d 270, 273). There Chief Judge Desmond wrote ‘ But we will remember that what we are talking about is *199 not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted.’ ”
Applying that standard to the instant case, the past surveillance of the defendants, the residential character of the neighborhood, and the quantity of cigarettes which the officers saw being taken into the apartment house afforded a sufficient basis for accosting and arresting the defendants and seizing the cartons of cigarettes being carried by defendants into the house (cf. People v. Malinsky, 15 N Y 2d 86 and 19 N Y 2d 262), where the arresting officers were unable to determine the contents of cartons being loaded onto a truck and suspected of containing stolen property.
The search of the apartment and the seizure of the additional cartons of cigarettes located therein raise a different question. Whether the officers entered the defendant Sherry’s apartment by invitation, as they claim, or whether they gained access by other means, it seems clear that the search of the apartment took place after the arrests and was not incidental thereto. It follows that there was no legal justification for such search and seizure. (People v. Bennett, 28 A D 2d 526.)
Accordingly, the motion to suppress is denied with respect to the cigarettes on the person of the defendants and seized at the time of their arrests, and is granted with respect to the cigarettes seized in the apartment of defendant Sherry.